**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4094**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JO-EL TORRES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:24-cr-00002-TSK-MJA-1)

Submitted:  August 28, 2025                          Decided:  November 24, 2025

Before WYNN, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth B. Gross, Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jo-El Torres appeals his conviction, entered pursuant to a conditional guilty plea, for possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, he challenges the district court's denial of his motion to suppress the evidence seized during the investigative stop of a vehicle in which he was a passenger. We affirm.

"When, as here, a district court denies a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1894 (2025) (citation modified). The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991) (citation modified). In *Terry v. Ohio*, 392 U.S. 1, 27 (1968), the Supreme Court recognized that the police may constitutionally "conduct a brief, investigatory stop when [an] officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

When reviewing the constitutionality of an investigatory stop, we consider whether the totality of the circumstances gave the officer "a particularized and objective basis for suspecting legal wrongdoing." *United States v. Mayo*, 361 F.3d 802, 805 (4th Cir. 2004) (citation modified). Reasonable suspicion requires more than an "inchoate and unparticularized suspicion or 'hunch'"; however, reasonable suspicion may be based on

2

inferences made on the basis of police experience. *Terry*, 392 U.S. at 27. Indeed, "law enforcement officers . . . may draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Johnson*, 599 F.3d 339, 343 (4th Cir. 2010) (citation modified).

Based on these principles, we discern no error in the district court's determination that the officers had a reasonable basis for conducting the relevant investigatory stop. Considering the totality of the circumstances—including the receipt of a tip from a known confidential informant; the corroboration of this tip by the actions of an identified female suspect; an officer's observation of a suspected hand-to-hand drug transaction between the suspect and the occupants of the vehicle in which Torres was a passenger; the reputation of the area in which the transaction took place; and the video footage from the parking lot in which the relevant events occurred—the involved officers had a reasonable, articulable suspicion that the vehicle's occupants were involved in illegal drug activity, justifying the stop. In making this determination, the district court did not clearly err in its factual findings or otherwise misapply the applicable law.

Regardless of this suspected drug activity, an officer also observed a traffic violation that independently supported his stop of the vehicle. "A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to [the] reasonableness requirement." *United States v. Perez*, 30 F.4th 369, 374 (4th Cir. 2022) (citation modified). Thus, "either probable cause or reasonable suspicion may justify a traffic stop." *United States v. Perry*, 92 F.4th 500, 510 (4th Cir.), *cert. denied*, 144 S. Ct. 2643 (2024) (citation modified). "As

3

a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993) ("When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle.").

Torres does not identify any specific error in the district court's determination that the officer had probable cause to stop the vehicle for a traffic violation.  Instead, Torres summarily states that he disagrees with this finding.  In any event, after reviewing the evidence presented during the suppression hearing, we see no clear error in the district court's determination that the vehicle drove onto the yellow divider lines in the roadway, in violation of West Virginia law.  We therefore discern no error in the district court's denial of Torres's motion to suppress.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*